IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY AUSLANDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 05-526-GPM |
| | ) |
| MERCK & CO., INC., and WALGREEN CO., d/b/a Walgreens, | ) ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

This case was remanded to the Third Judicial Circuit Court, Madison County, Illinois, on September 22, 2005. The Court found Plaintiff entitled to recover his costs in seeking remand to state court under *Garbie v. DaimlerChrysler Corporation*, 211 F.3d 407 (7th Cir. 2000), and ordered Plaintiff's counsel to file an affidavit setting forth the fees and costs incurred as a result of the removal on or before October 7, 2005. On October 10th, Plaintiff's counsel filed (1) a motion to file his compliance with the remand Order out of time and (2) his compliance with the Order, in which he seeks $3,150.00 in fees.

On December 7, 2005, the United States Supreme Court decided *Martin v. Franklin Capital Corporation*, 126 S. Ct. 704, 708 (2005), which rejected the Seventh Circuit's standard that plaintiffs are presumptively entitled to an award of fees and held that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Notably, in its opposition to the remand motion, Merck & Co., Inc. (Merck) objected

to the imposition of a fee award based on the fact that the Supreme Court would be deciding the *Martin* case (*see* Doc. 18, p. 15 n.4).

Having fully considered this matter, the Court finds that in light of the different approaches taken by the various courts around the country to be confronted with these Vioxx cases, Merck had an objectively reasonable basis for seeking removal of this action. Therefore, an award of fees and costs under 28 U.S.C. § 1447(c) is not appropriate. *Martin*, 126 S. Ct. at 711. Plaintiff's motion to file his compliance out of time (Doc. 24) is **GRANTED**, and his motion for attorney fees (Doc. 23) is **DENIED**. That part of the September 22nd Memorandum and Order awarding Plaintiff his fees and costs in seeking remand is **VACATED**.

**IT IS SO ORDERED.**

DATED: 01/31/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge